## Ex parte SHARP.

(District Court, N. D. Oklahoma. June 28, 1926.)

**1. Indians ⬚35—Departmental regulation, permitting possession and sale of Jamaica ginger, held ineffective in Indian territory (Act July 23, 1892 [Comp. St. § 4136a]; Act March 1, 1895 [Comp. St. § 4136b]; Act Jan. 30, 1897 [Comp. St. § 4137]; Act June 30, 1919 [Comp. St. Ann. Supp. 1923, § 4137aa]).**

A regulation of the Commissioner of Internal Revenue, approved by the Secretary of the Treasury, purporting to be made by authority of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), permitting the possession and sale of Jamaica ginger, is without effect in Indian territory, where the article is used for intoxicating beverage purposes, because of Act July 23, 1892 (Comp. St. § 4136a), Act March 1, 1895 (Comp. St. § 4136b), Act Jan. 30, 1897 (Comp. St. § 4137), and Act June 30, 1919 (Comp. St. Ann. Supp. 1923, § 4137aa), prohibiting the same.

**2. Internal revenue ⬚22.**

An administrative officer such as the Commissioner of Internal Revenue, is possessed of administrative power only, and has no power to alter or add to acts of Congress.

**3. Indians ⬚35.**

Evidence *held* to establish that Jamaica ginger, containing 90 per cent. alcohol, was used for intoxicating beverage purposes, and was such an intoxicating liquor as comprehended by the acts of Congress prohibiting introduction, sale, or possession of such liquor in Indian territory. Act July 23, 1892 (Comp. St. § 4136a); Act March 1, 1895 (Comp. St. § 4136b); Act Jan. 30, 1897 (Comp. St. § 4137); Act June 30, 1919 (Comp. St. Ann. Supp. 1923, § 4137aa).

Habeas Corpus. Petition of F. A. Sharp for writ of habeas corpus. Denied.

John T. Harley, of Tulsa, Okl., for petitioner.

W. L. Coffey, Asst. U. S. Dist. Atty., of Tulsa, Okl., for respondent.

KENNAMER, District Judge. The petitioner, F. A. Sharp, was arrested, and charged by preliminary complaint filed before Wilson R. Roach, United States commissioner for the Northern district of Oklahoma, with the unlawful possession of intoxicating liquors. Upon conclusion of the preliminary trial before the commissioner, held on the 18th day of June, 1926, the petitioner was ordered to answer the charge before the United States grand jury, and a bond was fixed for his appearance. This writ has been sued out to obtain the release of the petitioner.

[1] The only question presented by the issuance of the writ and the response filed by the United States marshal for the Northern

district of Oklahoma is whether or not the complaint filed before the commissioner and the evidence introduced before him at the preliminary trial and the additional evidence presented to the court upon this application establishes a violation of any statute of the United States. It was conclusively established by the evidence introduced that the petitioner possessed certain liquors, commonly known in this community as Jamaica ginger, but sometimes labeled tincture of ginger or essence of ginger. There was evidence that the petitioner possessed a quantity of apricot extract of 46 per cent. alcoholic content, in addition to the Jamaica ginger. The evidence adduced established that the liquor designated as Jamaica ginger, possessed by the petitioner, contains 90 per cent. of alcohol, and that this sort of liquor is used very generally for beverage purposes. The evidence further established the fact that this liquor known as Jamaica ginger produces intoxication, and that this class of liquor is used extensively as an alcoholic beverage, and that it is sold in large quantities by illicit dealers. It was conclusively proved that the preparations involved have the distinctive character and effect of intoxicating liquors, and are in common use for intoxicating beverage purposes.

Congress, by Act July 23, 1892 (Comp. St. § 4136a), as amended by Act Jan. 30, 1897 (Comp. St. § 4137), 29 Stat. 506, prohibited the introduction of intoxicating liquors into that part of the state of Oklahoma which had prior to statehood been the Indian Territory. The language of the Act of January 30, 1897, is broad and comprehensive, wherein it is provided: "Any person who shall sell, give away, dispose of, exchange, or barter any malt, spirituous, or vinous liquor including beer, ale, and wine, or any ardent or other intoxicating liquor of any kind whatsoever, or any essence, extract, bitters, preparation, compound, composition, or any article whatsoever, under any name, label, or brand, which produces intoxication * * * shall be punished," etc.

By the provisions of the Act of June 30, 1919 (Comp. St. Ann. Supp. 1923, § 4137aa), the possession by a person of intoxicating liquors in the Indian Territory country, or where the introduction is or was prohibited by treaty or federal statutes, is made an offense, and the punishment provided is that prescribed by the provisions of the Act of July 23, 1892, supra (27 Stat. at Large, 260), and the Act of January 30, 1897, supra (29 Stat. at Large, 506). The act prohibiting the possession of intoxicating liquors in the Indian country refers to the earlier acts of Congress for a provision for the punishment to be imposed for a violation. "Intoxicating liquors," as used in the act prohibiting possession, must of necessity comprise and comprehend all of the liquors mentioned and enumerated in the Act of January 30, 1897, supra. Congress had a very definite purpose in enacting the above provisions, prohibiting the introduction, sale, and possession of intoxicating liquors in the Indian Territory, where the various tribes of Indians reside, many of whom are wards of the United States government at the present time. The policy behind such enactments is to combat an evil, to prevent intoxication of the Indians, and in order to accomplish such a result it is evident that Congress intended to denounce as criminal any attempt, under any sort of pretense to sell, introduce or possess intoxicating liquors of any sort, capable of use for intoxicating beverage purposes.

A very illuminating and exhaustive discussion of the proper construction to be given a statute containing the words "intoxicating liquors, or mixtures thereof," similar to the one under consideration, may be found in Intoxicating Liquor Cases, 25 Kan. 751, 37 Am. Rep. 284, by Justice Brewer. At page 767 it is stated: "Intoxicating liquors, or mixtures thereof: This, reasonably construed, means liquors which will intoxicate, and which are commonly used as beverages for such purposes, and also any mixtures of such liquors as, retaining their intoxicating qualities, it may fairly be presumed may be used as a beverage and become a substitute for the ordinary intoxicating drinks." It was clearly established by the evidence introduced upon this application that the very kind of liquors possessed by the petitioner are in common use as a substitute for the ordinary kinds of intoxicating liquors, such as whisky, wine, and beer.

It is contended on behalf of the petitioner that the extract of ginger involved in this application is such a compound as comprehended by the National Prohibition Act (section 10138½b, 1923 Supp. U. S. Comp. Stat. Compact), and that it is prepared in compliance with an order made by the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury, and that the same was possessed in compliance with the rules and regulations promulgated by the Commissioner of Internal Revenue, by virtue of his authority under section 10138⅘b, 1923 Supp. U. S. Comp. Stat. Compact. I am unable to agree with this contention. It is well established that the statute prohibiting the introduction, manufacture, sale, possession,

gift, and otherwise furnishing intoxicating liquors in the Indian Territory was not repealed by the Oklahoma Enabling Act of June 6, 1906, admitting Oklahoma into the Union. The Acts of July 23, 1892, March 1, 1895 (Comp. St. § 4136b), and January 30, 1897, supra, as well as the Act of June 30, 1919, remaining in force, continued in force after the adoption of the National Prohibition Act (section 10138⅘c, 1923 Supp. U. S. Comp. Stat. Compact), and the Secretary of the Treasury or the Commissioner is unauthorized and powerless to nullify the acts in force at the time of the adoption of the National Prohibition Act, and to destroy their usefulness in remedying the evil for which they were primarily enacted and intended.

Another important factor tending to support the view I have adopted that the laws and penalties in force at the time of the adoption of the National Prohibition Act were continued in force in their broad and sweeping scope, and for the purposes intended for their accomplishment, is that, in states where the possession and sale of intoxicating liquors were not prohibited, except by the Eighteenth Amendment to the United States Constitution and the National Prohibition Act adopted for its enforcement, the Commissioner may authorize the sale and purchase of intoxicating liquors upon prescriptions for medicinal purposes, and grant permits to druggists to possess such liquors for the purposes set forth. This may be done under authority granted by virtue of sections 10138½c, 10138½cc, 10138½ccc, and 10138½d (1923 Supp. U. S. Comp. Stat. Compact) of the National Prohibition Act. However, no such permits may be granted within any state which prohibited the sale and possession of intoxicating liquors by state statute, and the introduction of liquor into such states is expressly prohibited. Act March 3, 1917 (U. S. Comp. Stat. Ann. Supp. 1919, § 8739a) 39 Stat. 1069. It occurs to me that the same policy, invoked to prevent the granting of permits for the sale and possession of intoxicating liquors on prescriptions within states prohibiting the sale and possession of intoxicating liquors by state statutes, is equally applicable to a denial of his authority to grant to illicit liquor dealers permits to sell intoxicating preparations, such as Jamaica ginger, in violation of statutes in force and effect at the time of the adoption of the National Prohibition Act, prohibiting the sale, possession, and introduction of intoxicating liquors into the Indian Territory.

[2, 3] Furthermore, although the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, may promulgate proper regulations for carrying out the provisions of the Prohibition Act, still it bears of no doubt that no rule or regulation may be adopted and enforced which conflicts with an act of Congress in force. Certainly an executive officer cannot alter or add to existing acts of Congress. See Oertel Co. v. Gregory, Dist. Atty. (D. C.) 270 F. 789, and cases therein cited. Statutory laws cannot be repealed by rules and regulations of an executive officer; the power to repeal acts of Congress is alone vested in that assembly. Therefore no permit of the Commissioner of Internal Revenue can authorize the sale, introduction, or possession of intoxicating liquors, or of compounds which may be used for intoxicating beverage purposes, in the Indian Territory, because of the acts of Congress in force in such territory.

The application of the petitioner for discharge should be denied. It is so ordered.